IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**District Judge Philip A. Brimmer**

Civil Action No. 26-cv-03448-PAB

JORGE RAFAEL GONZALEZ,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility,
GEORGE VALDEZ, Acting Field Director, Denver Field Office, Immigration and Customs Enforcement, and
DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Jorge Rafael Gonzalez's *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1]. Respondents filed a response. Docket No. 8.

## I. Background

The petitioner is confined at an immigration detention facility in Aurora, Colorado. Docket No. 1 at 1. He asserts one claim contending that his continued detention without a bond hearing violates the Immigration and Nationality Act and the Fifth Amendment to the United States Constitution. As relief, he seeks immediate release from detention or, alternatively, a bond hearing.

The respondents do not address the merits of the petitioner's claim in their response. Instead, the respondents state:

> For purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case. Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief. Respondents submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner. *See Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *17 n.13 (10th Cir. June 30, 2026) (remanding and directing that "the district court shall order the Government to, within seven days of such order, either provide [the petitioner] with a bond hearing or else release him.").

Docket No. 8 at 1-2.

## II. ANALYSIS

The statutory authority to detain a noncitizen while removal proceedings are being adjudicated is found in 8 U.S.C. §§ 1225 and 1226. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 527-28, 533 (2021); *Jennings v. Rodriguez*, 583 U.S. 281, 287-89 (2018). Section 1225 mandates detention pending removal proceedings, providing that, "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." 8 U.S.C. § 1225(b)(2)(A). Unless certain exceptions are present, as provided for in §§ 1225(b)(2)(B) and (C), § 1225 "mandates detention without the opportunity for a bond hearing for the noncitizens to whom it applies." *Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025). Section 1226, on the other hand, does not mandate detention, providing that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Under § 1226(a)(2), the Attorney General has the discretion to release a noncitizen on bond while removal proceedings are pending. 8 U.S.C. § 1226(a)(2). "Federal regulations

provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018).

This Court has analyzed on numerous occasions whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States without inspection and who face removal proceedings due to their entrance without inspection. *See, e.g.*, *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989, at *4 (D. Colo. Feb. 4, 2026); *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *2-5 (D. Colo. Jan. 26, 2026); *Garcia-Perez v. Guadian*, No. 25-cv04069-PAB, 2026 WL 89613, at *2-4 (D. Colo. Jan. 13, 2026); *Alfaro Orellana v. Noem*, No. 25-cv-03976-PAB, 2025 WL 3706417, at *2-4 (D. Colo. Dec. 22, 2025); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019, at *1-4 (D. Colo. Dec. 18, 2025). In each of these cases, the Court determined that the petitioner's detention was governed by § 1226. *Id.*

Similarly, the Tenth Circuit Court of Appeals has recently decided that, "[b]ased on the statutory text and context, we conclude that § 1225(b)(2)(A)'s application is limited to the border." *Santillan Quiroz v. Mullin,* --- F.4th ----, 2026 WL 1876709, at *8 (10th Cir. June 30, 2026). In *Santillan Quiroz*, the Tenth Circuit held that the petitioner, who had lived in the United States for two decades, was being detained pursuant to § 1226(a) and was entitled to a bond hearing. *Id.* at *17 n.13. Thus, the Tenth Circuit remanded the case and directed the district court to "order the Government to, within seven days of such order, either provide [the petitioner] with a bond hearing or else release him." *Id.*

Like the petitioner in *Santillan Quiroz*, the Court concludes that petitioner's detention properly falls under § 1226(a). Because there is no evidence that he has

been provided a bond hearing, his current detention violates § 1226(a). Thus, the Court will grant the application in part and order the respondents to provide the petitioner a bond hearing within seven days of the date of this order or else release him. While the petitioner requests that the Court order his immediate release, the Tenth Circuit instructs that the correct remedy is to order the respondents to provide a prompt bond hearing.

Further, because the Court is granting petitioner relief based on § 1226(a), it will not consider his due process claim at this time.

## III. CONCLUSION

Therefore, it is

**ORDERED** that the application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED in part**. It is further

**ORDERED** that respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven days** of the date of this Court's order or else release him. It is further

**ORDERED** that within **five days** of petitioner's bond hearing or release, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied and/or whether petitioner was released.

DATED August 17, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge