IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-03448-PAB

JORGE RAFAEL GONZALEZ,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility,
GEORGE VALDEZ, Acting Field Director, Denver Field Office, Immigration and Customs Enforcement, and
DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Jorge Rafael Gonzalez's Motion to Clarify the Record, Opposition to Government's Status Report, and Request for Immediate Release [Docket No. 14]. Respondents filed a response. Docket No. 20.

## I. BACKGROUND[1]

Petitioner is a native of Nicaragua. Docket No. 1-1 at 9. After entering the United States on March 23, 2022, petitioner surrendered himself to Immigration and Customs Enforcement ("ICE"). Docket No. 1 at 4. He was released on or about March 27, 2022, and enrolled in ICE's Intensive Supervision Appearance Program ("ISAP"), which required him to submit a photo every week. *Id.* On May 27, 2026, ICE re-detained the petitioner "without a judicial warrant" while he was leaving his house to

[1] The following facts are undisputed unless otherwise noted.

attend an appointment with ICE officials.[2] *Id.* at 4-6. Petitioner is currently confined at an immigration detention facility in Aurora, Colorado. *Id.* at 1.

In July 2026, petitioner filed a pro se petition for writ of habeas corpus, arguing that his continued detention without a bond hearing violates the Immigration and Nationality Act and the Fifth Amendment to the United States Constitution. As relief, he sought immediate release from detention or, alternatively, a bond hearing. *Id.* at 10.

The respondents responded, stating that they were "not submitting a brief in opposition to the Petition," and that the "the appropriate relief would be an Order directing that Respondents" to hold a bond hearing under 8 U.S.C. § 1226(a) or else release petitioner. Docket No. 8 at 1-2.

On August 17, 2026, the Court issued an order granting petitioner's application for writ of habeas corpus in part, ordering that the respondents provide petitioner with a bond hearing under § 1226(a) within seven days or to release him. Docket No. 10 at 4. On August 25, 2026, respondents filed a status report, noting that a bond hearing was set for August 20, 2026, but petitioner withdrew his request for the hearing, such that bond was never ruled on. Docket No. 13 at 2.

Petitioner filed the instant motion to clarify the record, oppose the government's status report, and request immediate release. *See generally* Docket No. 14. He asserts that he did not withdraw his request for a bond hearing and that the respondents are in direct violation of the Court's order, as they "failed to provide a complete and meaningful bond hearing within" seven days. Respondents oppose the motion,

---

[2] Petitioner's son was detained by ICE in February 2026, and ICE "summoned [petitioner] by telephone on May 27, 2026." *Id.* at 4.

reiterating that petitioner withdrew his request for a bond hearing. *See generally* Docket No. 20.

## II. ANALYSIS

Because petitioner is proceeding pro se, his filings are liberally construed. *See Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). Liberally construed, it appears that petitioner is asking for reconsideration of his habeas petition. Because petitioner did not receive a bond hearing, the Court finds it appropriate to address whether petitioner's re-detention provides a basis for his release.[3] Pursuant to *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), a court considers the following in weighing a due process claim:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Given that a "person's physical freedom is the most elemental of liberty interests," *see Granillo Chavarria v. Baltazar*, 824 F. Supp. 3d 1170, 1174 (D. Colo. 2026) (internal quotation and citation omitted), the first factor weighs in favor of petitioner.

Relevant to the second factor is the fact that petitioner was previously released from ICE detention. In releasing petitioner, the respondents necessarily determined that he was not a danger to the community or a flight risk. *See Ekenge v. Baltazar*, 26-cv-00630-SBP, 2026 WL 617341, at *5 (D. Colo. Mar. 5, 2026). Respondents do not state why petitioner was re-detained in July 2026. *See generally* Docket No. 8. Where

---

[3] Because the Court finds that petitioner's re-detention warrants his release, it does not address whether petitioner withdrew his request for a bond hearing.

respondents have provided no change in circumstances that alters the initial determination that petitioner is not a danger to the community or a flight risk, there is a significant risk of the erroneous deprivation of petitioner's liberty interest. *See Ekenge*, 2026 WL 617341, at *5 (finding that the "risk of erroneous deprivation is also considerable" where "[i]t appears to be undisputed that Petitioner was previously released after it was determined he was not a danger to the community or a flight risk"); *Perez-Cifuentes v. Warden, Denver Contract Detention Center Denver Field Office Director*, No. 26-cv-02371-NRN, 2026 WL 1733489, at *3 (D. Colo. June 16, 2026) (finding that "the risk of erroneous deprivation is considerable" where petitioner was previously released on his own recognizance and respondents "do not contest, that at the time of his detention, there had not been a material change in circumstances") (alteration, internal quotation, and citation omitted); *Uzcategui v. Brooksby,* 2026 WL 622751, at *11 (D. Utah Mar. 5, 2026) (finding that the second *Mathews* factor weighs in favor of petitioner because "civil immigration detention, which is 'nonpunitive in purpose and effect' is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community," "Federal Respondents do not contend that [petitioner] is or was a flight risk or a danger to the community," and petitioner was previously released on parole) (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)). "A re-detention, without any individualized assessment, leads to a high risk of erroneous deprivation of an individual's liberty interest." *Orellana v. Noem*, 807 F. Supp. 3d 745, 754 (W.D. Ky. 2025). The Court finds that the second *Mathews* factor weighs in favor of petitioner.

Regarding the third factor, "the government clearly has an interest in enforcing immigration laws, but [the government's] interest in detaining petitioner without a warrant, notice to appear, or any justifiable reasonable explanation for [his] detention is low." *See Uzcategui*, 2026 WL 622751, at *11 (internal quotation and citation omitted); *cf. L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024) ("It would stand to reason if a noncitizen was neither a flight risk nor dangerous, there would be no government or public interest in detention."). Furthermore, the Court finds that the fiscal and administrative burdens associated with evaluating whether a change in circumstance justifies petitioner's re-detention is low when compared to petitioner's interest in being free from the erroneous deprivation of his liberty. *See Ekenge,* 2026 WL 617341, at *5 ("The Government's interest in re-detaining non-citizens previously released without a hearing is low and any costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue.") (alterations and citation omitted). Accordingly, the third *Mathews* factor weighs in favor of petitioner.

Pursuant to *Mathews*, the Court finds that petitioner's due process rights were violated. Respondents provide no argument to the contrary. They also do not contend that petitioner is a flight risk or danger to the community. Nor do they provide a reason for the petitioner's re-detention. Thus, the Court will grant the habeas petition and order petitioner's immediate release with the same conditions of release that were imposed during petitioner's initial release. *See Perez-Cifuentes*, 2026 WL 1733489, at *3, *5 ("As to the appropriate remedy, the Court finds that Petitioner is entitled to immediate release. Petitioner was released from the custody of the [Office of Refugee Resettlement] in 2021 and he has since remained at liberty relying on that

determination" and ordering that respondents may "not impose any additional restrictions" on petitioner) (internal quotations and citation omitted); *Murzi v. Noem*, No. 26-cv-00359-CNS, 2026 WL 395111, at *2 (D. Colo. Feb. 12, 2026) ("Immediate release is the appropriate remedy. To be released on conditional parole/own recognizance, there must be a finding that the immigrant does not pose a risk of flight or danger to the community and Respondents do not otherwise argue that Petitioner poses such risk or danger" and ordering that respondents "may not impose any conditions of release or supervision that were not imposed in the original grant of parole") (internal quotation and citation omitted); *Ekenge*, 2026 WL 617341, at *7 ("other courts have found that . . . releasing a petitioner immediately remains the appropriate approach, at least where no evidence has been provided that the petitioner violated the conditions of his release pursuant to an [Order of Release on Recognizance] or similar status, [or] where little or no evidence has been provided in support of respondents' claims as to what the petitioner's conditions of release are"); *Sidqui v. Almodovar*, 823 F. Supp. 3d 364, 396 (S.D.N.Y. 2026) ("in light of the Government's failure to provide Petitioner any individualized process either prior to or contemporaneous with the deprivation of his liberty, which was formerly granted by the Government, and the Government's inability to point to any evidence of risk of flight or danger," finding that petitioner's immediate release is the appropriate remedy).

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Jorge Rafael Gonzalez's pro se Motion to Clarify the Record, Opposition to Government's Status Report, and Request for Immediate Release [Docket No. 14] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order pursuant to the conditions of petitioner's initial release. It is further

**ORDERED** that respondents shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody.

DATED October 6, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge